**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **STEVEN FOREMAN** | : | |
|     **Reg. No. 24952-083** | : | |
|     **Federal Detention Center** | : | |
|     **Philadelphia, PA 19106,** | : | |
| | : | **Civ. No. _____** |
|         **Petitioner,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **Troy Levi,** | : | |
|     **In his official capacity as** | : | |
|     **Warden of the** | : | |
|     **Federal Detention Center** | : | |
|     **700 Arch Street** | : | |
|     **Philadelphia, PA 19106** | : | |
| | : | |
| **Edward F. Reilly, Jr.** | : | |
| **Cranston J. Mitchell,** | : | |
| **Patrick K. Cushwa,** | : | |
| **Isaac Fulwood, Jr.,** | : | |
| | : | |
| **In their official capacities as** | : | |
| **Commissioners of the** | : | |
| **U.S. Parole Commission,** | : | |
| **5550 Friendship Blvd., Ste. 420** | : | |
| **Chevy Chase, MD 20815** | : | |
| | : | |
|         **Respondents.** | : | |

**<u>PETITION FOR WRIT OF HABEAS CORPUS</u>**

Steven Foreman submits this petition for habeas corpus pursuant to 28 U.S.C. §§ 2241 and 2243 to secure his release from his unlawful confinement by Respondents. Respondents, who allege that Mr. Foreman violated the conditions of his parole, have held Mr. Foreman as a suspected parole violator, without a hearing, continuously since November 3, 2006, in violation of their obligation to provide him a parole revocation hearing within 90 days of arresting him on

the alleged violation.  This unlawful detention has prejudiced Mr. Foreman in his ability to

defend against the alleged parole violation, which ability continues to diminish with each passing

day.  Respondents' confinement of Mr. Foreman therefore violates not only the United States

Parole Commission's regulations, but the Fifth and Eight Amendments to the United States

Constitution.  Accordingly, Mr. Foreman respectfully requests that the Court grant him the Great

Writ, order his release from this unlawful confinement, and dismiss his parole case with

prejudice.  *See* Fed. R. Hab. Corp. 4.  He further requests an expedited hearing on this matter.

In support of his petition, Mr. Foreman alleges as follows:

## PARTIES

1.      Mr. Foreman is a resident of Virginia.  He is presently confined in the Federal

Detention Center in Philadelphia, PA.

2.      Respondent Levi is Warden of the Federal Detention Center in Philadelphia, PA,

and is responsible for detaining Mr. Foreman at the FDC.  Respondents Reilly, Mitchell,

Cushwa, and Fulwood are Commissioners of the U.S. Parole Commission, which is based in

Chevy Chase, MD, and are also responsible for detaining Mr. Foreman at the FDC.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction to hear this case pursuant to 28 U.S.C. §

2241.  The principal purpose of the writ of habeas corpus is to protect every person from being

detained, restrained, or confined by the government, and to enable those unlawfully incarcerated

to gain their rightful freedom.  *See Scaggs v. Larsen*, 396 U.S. 1206 (1969).  Where parole

authorities violate their own rules, unlawfully incarcerating parolees, the Great Writ will issue.

*See, e.g.*, *Abrahams v. United States*, 465 F. Supp. 610, 612 (D.N.H. 1979).

2

4.      This Court is a proper venue for the instant petition pursuant to 28 U.S.C. § 1391. Respondents are holding Mr. Foreman at the FDC in Philadelphia, which is within the jurisdictional bounds of the Eastern District of Pennsylvania.

## PERTINENT FACTS

5.      Mr. Foreman is a District of Columbia parolee, who was originally sentenced to 15 years, 18 months for assault with a dangerous weapon, possession of a firearm in a crime of violence, carrying a pistol without a license, unlawful possession of ammunition, Bail Reform Act, and simple assault.  The District of Columbia paroled Mr. Foreman most recently on May 5, 2006.

6.       Mr. Foreman allegedly violated his parole on May 9, 2006, by not maintaining regular employment.  Mr. Foreman also allegedly failed to submit to drug testing on May 23, 2006, May 25, 2006, June 9, 2006, and July 6, 2006.  Further, he allegedly failed to report changes in his residence on May 24, 2006, and June 14, 2006.  In addition, he allegedly failed to report to a supervising officer on June 15, 2006.  Mr. Foreman is alleged to also have violated his parole by submitting a urine that tested positive for cocaine on June 28, 2006, refusing to participate in drug aftercare starting on July 5, 2006, and failing to register in Virginia as a convicted felon on July 5, 2006.

7.      The Parole Commission issued a warrant for Mr. Foreman's arrest as an alleged parole violator on July 26, 2006.

8.      On November 3, 2006, Respondents executed the arrest warrant and took Mr. Foreman into custody.

9.      Respondents had ninety days from November 3, 2006, to afford Mr. Foreman an

institutional revocation hearing.  They failed to do so.

10.    Respondents held a probable cause hearing for Mr. Foreman and, on January 4, 2007, found probable cause to believe that he had violated the terms of his parole.

11.    Respondents took no meaningful action on Mr. Foreman's parole revocation for over ten months.  Mr. Foreman remained in Respondents' custody, without a revocation hearing, from November 3, 2006, to the present.

## ARGUMENT

### Fifth Amendment Due Process Violation

12.    Respondents thereby failed to comport with their own regulations and the Supreme Court's requirement that they conduct a timely, orderly parole revocation process. Their detention of Mr. Foreman therefore is illegal.  It violates United States parole Commission regulations, as well as the Fifth and Eighth Amendments of the United States Constitution. *See Morrissey v. Brewer*, 408 U.S. 471 (1972).

13.    As the Third Circuit said in *Funari v. Warden*, 218 F.3d 250 (3d Cir. 2000), "[a]n agency abuses its discretion if it fails to follow its own regulations and procedures." *Funari*, 218 F.3d at 257-58 (quoting *Moret v. Karn*, 746 F.2d 989, 992 (3d Cir 1984).

14.    Respondents' failure to act in this case violates both the directive statute and its own regulations.  The United States Parole Commission regulations regarding institutional hearings state in pertinent part, "Institutional revocation hearings *shall* be scheduled to be held within *ninety days* of the date of the violator warrant upon which the parolee was retaken." 28 C.F.R. § 2.49(e) (emphasis added).  *See also* 18 U.S.C. § 4214(c).

4

15.    In this case, Respondents have plainly failed to comply with section 2.49(e).  They have held Mr. Foreman for over eight months without completing the revocation hearing process. Respondents' continued inaction, in violation of their own regulations, constitutes an impermissible abuse of discretion

16.    More importantly, Respondents' inaction and resulting failure to conduct a complete revocation process violates Mr. Foreman's rights under the Fifth Amendment due process clause.

17.    Parolees possess a constitutional liberty interest in parole, and parole cannot be revoked without due process of law.  *See Morrissey v. Brewer*, 408 U.S. 471 (1972).  *See also Young v. Harper*, 520 U.S. 143 (1997).

18.    Here, Respondents' continued confinement of Mr. Foreman without a hearing deprive him of a due process liberty interest arising from the Constitution itself, as well as the due process liberty interest created by the Parole Commission's own guarantee of a timely hearing.  *See Price v. Barry*, 53 F.3d 369, 370 (D.C. Cir. 1995).

19.    First and foremost, Mr. Foreman has a constitutional due process right to a hearing within "a reasonable time after . . . [being] taken into custody" as a parolee.  *Morrissey*, 408 U.S. at 488.  Mr. Foreman's confinement for over ten months without a revocation hearing is egregious, and violates the due process clause of the Fifth Amendment.

20.    The delay here also implicates the due process concerns arising from the Commission's own regulations.  The mandatory language of section 2.49(e) created for Mr. Foreman a liberty interest in a revocation hearing within 90 days.  *See Board of Pardons v. Allen*, 482 U.S. 369 (1987).  He was accorded no such hearing in the time allowed.

21.     Respondents therefore have not afforded Mr. Foreman the process he is due under the Fifth Amendment.  He is consequently entitled to the relief requested herein.

<u>Eighth Amendment Violation</u>

22.     Respondents' unlawful detention of Mr. Foreman also violates his Eighth Amendment rights.  Their deliberate indifference to the "unjustified deprivation of a [prisoner's] liberty" – in this case, Mr. Foreman – can violate the Eighth Amendment.  *Sample v. Diecks*, 885 F.2d 1099, 1109-1110 (3d Cir. 1989).  *See also Moore v. Tartler*, 986 F.2d 682, 686 (3d Cir. 1993) (incarceration without penological justification can constitute Eighth Amendment violation); *Haygood v. Younger*, 762 F.2d 1350, 1354 (9th Cir. 1985) (deliberate indifference to a prisoner's detention beyond the end of his sentence constituted cruel and unusual punishment).

23.     Respondents' failure to put forth evidence justifying their detention of Mr. Foreman demonstrates their deliberate indifference to his unjustified confinement, and is an Eighth Amendment violation.

**PRAYER FOR RELIEF**

For the foregoing reasons, Mr. Foreman respectfully requests that the Court issue a writ of habeas corpus ordering Mr. Foreman's release and dismissal with prejudice of the parole violations pending against him.  In the alternative, Mr. Foreman respectfully requests that the Court issue a writ of habeas corpus declaring illegal Mr. Foreman's detention from November 3, 2006.

Respectfully submitted,

STUART PATCHEN (SP2019)
Attorney for Steven Foreman