IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN FOREMAN, | : | CIVIL ACTION |
|     Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| TROY LEVI, et al., | : | |
|     Respondents. | : | NO. 07-3727 |

## REPORT AND RECOMMENDATION

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                         November 28, 2007

Presently before this Court is a counseled Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. §§ 2241 and 2243 by Steven Foreman (alternatively "Foreman" or "Petitioner"). Foreman is in the custody of the Federal Detention Center in Philadelphia, Pennsylvania (the "FDC"). He names as Respondents to his petition the detention center warden and four Commissioners of the U.S. Parole Commission (collectively the "Government"). He seeks judicial review of alleged Fifth and Eighth Amendment violations by the Government in detaining him since November 3, 2006 as a suspected parole violator but without providing him a parole revocation hearing. For the reasons set out below, we **RECOMMEND** that the petition be **DENIED.**

### PROCEDURAL OVERVIEW

Petitioner initiated this action on September 7, 2007. (Doc. No. 1.) On November 8, 2007, the Government filed its response to the petition and appended supporting documents. (Doc. No. 6.) Although Petitioner was given leave to file a reply to the response if he wished (*see* Order, 10/22/07), he has not done so.

## FACTUAL BACKGROUND

Foreman was sentenced in the District of Columbia Superior Court in 1992 to a term of imprisonment of 15 years, 18 months for a number of offenses under the D.C. Criminal Code. The District of Columbia paroled him most recently on May 5, 2006.  (Pet. ¶ 3; Resp. at 1-2.)

Foreman was believed to have violated his parole beginning on May 9, 2006 by not complying with various conditions of his release.  The U.S. Parole Commission, which has jurisdiction over all D.C. Code offenders serving parole-eligible sentences, issued an arrest warrant on July 26, 2006.  Foreman was taken into custody on November 3, 2006 pursuant to that warrant.  (Pet. ¶¶ 6-8; Resp. at 2 & n.2.)  He was interviewed by a local probation officer at the Norfolk City Jail in Norfolk, Virginia on November 9, 2006, having waived his right to have counsel or witnesses present.  At that time, he admitted to some of the violation charges but denied others.  The officer recommended that probable cause be found on all of the charges and that Foreman remain in custody in order to have a parole revocation hearing.  (Resp. at Ex. 4 (Summ. Rept. of Prelim. Interview, 11/14/06).)  A probable cause hearing was held on January 4, 2007,[1] at which time probable cause to believe that he had violated the terms of his parole was found.  (Pet. ¶ 10.)  Although Foreman requested that he be held locally in Virginia, he came to be in the custody of the FDC in May 2007.  (Resp. at Ex. 6 (Hrg. Summ., 10/23/07), p. 3 (indicating Foreman dated transfer to May 2007).)

For reasons unknown, a final parole revocation hearing was not scheduled in accordance with the timelines set forth in the Parole Commission's regulations.  (*See* Resp. at Ex. 6 (Hrg. Summ., 10/23/07), p. 1 (noting hearing "was required by 1/31/2007" and that hearing examiner was

---

[1] A document submitted by the Government lists a "probable cause date" of December 20, 2006.  (Resp. at Ex. 6.)

"unclear" as to why designation of the case for hearing "took as long as it did"). Apparently a parole revocation hearing was ultimately scheduled for August 21, 2007, but Petitioner requested a continuance until the "next available docket" in order to permit him to "obtain additional information." (Resp. at 2 & Ex. 5 (Cont. of Hrg. Form, 8/21/07).) Following the filing of the habeas petition in this matter on September 7, 2007, an in-person parole revocation hearing was held on October 3, 2007 at the FDC. No witnesses were offered but counsel (who also represents Foreman in this action) was present. (Resp. at 2 & Ex. 6 (Hrg. Summ., 10/23/07).) Based on Foreman's admissions to the examiner regarding five of the charges, the Commission found that Petitioner had violated various conditions of release. His parole was revoked and he was ordered to serve 13 months imprisonment. He is scheduled to be paroled again on December 3, 2007, which represents the completion of the 13-month term since his arrest warrant was executed on November 3, 2006. (Resp. at 2 & Ex. 7 (Notice of Action, 10/31/07).)

## DISCUSSION

Foreman's petition alleges that his detention violates "United States [P]arole Commission regulations, as well as the Fifth and Eighth Amendments of the United States Constitution." (Pet. ¶ 12.) He contends that Respondents have violated his Fifth Amendment rights because he possessed a liberty interest in parole that cannot be revoked without due process of law and because the Parole Commission's regulations provide for institutional revocation hearings to be held within 90 days of the date of the violator warrant upon which the parolee was retaken. (*Id.,* ¶¶ 14-20 (citing 28 C.F.R. § 2.49(e) and cases.) He also contends that his Eighth Amendment rights have been violated because Respondents' failure to put forth evidence justifying Petitioner's detention demonstrates a deliberate indifference to his unjustified confinement. (*Id.*, ¶¶ 22-23.) He seeks a

writ ordering his release and the dismissal with prejudice of the parole violations pending against him. Alternatively, he seeks a writ declaring his detention since November 3, 2006 illegal and requiring that he immediately receive a parole revocation hearing. (*Id.* at 7.)

In light of the fact that Foreman has now received his hearing and been adjudicated a violator subject to a term of imprisonment that more than covers his period of detention since November 3, 2006, we see no basis for him to be granted a writ ordering his release and dismissal with prejudice of the parole violations that were lodged against him. Similarly, his request for a declaration that his detention was illegal and requiring that he immediately receive a hearing is now moot because the required hearing has been held.

We note that other courts exploring whether a delay in holding a parole revocation hearing gives rise to habeas corpus relief have found the issue to implicate a two-step inquiry: first, requiring that the delay be unreasonable, and second, that the delay be prejudicial. *See, e.g., Villareal v. United States Parole Comm'n*, 985 F.2d 835, 837 (5th Cir. 1993); *Smith v. United States*, 577 F.2d 1025, 1027 (5th Cir. 1978). The Government in this case has not defended the delay in this case as reasonable. However, it asserts that Foreman has not satisfied the prejudice prong. We agree.

We note that, in the preamble to his petition, Foreman asserts that "[t]his unlawful detention has prejudiced [him] in his ability to defend against the alleged parole violation." (Pet. at 2.) Apart from this general averment, however, he has not in any way sought to demonstrate how the delay might have prejudiced him, nor does he appear to have been prejudiced. He never identified, for example, witnesses that might have appeared on his behalf at a timely hearing that were then not available to him at the later hearing. (*See, e.g.,* Resp. at Ex. 4 (Prelim. Int. & Revoc. Hrg. Form, 11/9/06, at 4, listing "none" under section for adverse witnesses and "undecided" under section for

voluntary witnesses he would call at a revocation hearing).) Moreover, at the hearing that was ultimately held on October 3, 2007, he was able to present documents that persuaded the Commission to find him not in violation as to one of the charges. (Resp. at Ex. 7 (Notice of Action, 10/31/07), pp. 2-3.) Petitioner has not demonstrated that there were other documents or witnesses, however, who could have provided favorable evidence on the other charges. This would have been a particular challenge in light of the fact that he largely admitted to the conduct that resulted in the violation determinations, e.g., use of drugs; failure to submit to drug testing (although Foreman contends this failure was attributable on some of the occasions to his participation in a detox program); failure to maintain regular employment (at least for some period of time and albeit allegedly because his prospective employer required that he first undergo drug treatment); and failure to report change in residence (apparently due to his detox admission). (Resp. at Ex. 6 (Hrg. Summ., 10/23/07), p. 2. *See also* Resp. at Exs. 3 (Warrant Applic., with responses) & 4 (Summ. Rept. of Prelim. Interview, 11/14/06).) We are thus unable to discern any prejudice suffered by Petitioner as a result of the Parole Commission delay in conducting his revocation hearing.

Section 2243, one of the provisions invoked by Petitioner in the opening clause of his petition, provides that the Court shall "dispose of [an application for a writ of habeas corpus] as law and justice require." 28 U.S.C. § 2243. In light of the fact that Petitioner has now received his hearing and that he has been adjudicated a parole violator and sentenced to a term of imprisonment that more than accounts for the time spent in custody since the warrant was executed on November 3, 2006, we do not believe that the law or justice requires any further relief.[2]

---

[2] Inasmuch as Petitioner does not, in this action, challenge the propriety of the determination that he violated certain conditions nor the propriety of the sentence imposed, we
(continued...)

## RECOMMENDATION

**AND NOW** this 28th day of November, 2007, it is respectfully **RECOMMENDED** that the petition for a writ of habeas corpus filed pursuant to 28 U.S.C. §§ 2241 and 2243 be **DENIED**.

The petitioner may file objections to this Report and Recommendation. *See* Local Civ. Rule 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.

BY THE COURT:

/s/ David R. Strawbridge
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE

---

[2](...continued)
do not express any opinion on those issues.